Fuld, J.
The claimant was a steelworker employed in the steel fabrication plant of the F. L. Ileughes Co. located in Rochester, New York. The company, in addition to operating the steel fabrication plant, was engaged in the business of erecting and installing steel structures at various construction sites in and around Rochester. No one of these sites was contiguous to the fabrication plant. The employer also sold some of its steel production to third parties.
By reason of its operations, its employees fell into two separate categories; there were the steelworkers who" worked at the steel plant and there were the construction workers who worked at the various sites, installing the steel structures. Each group belonged to a different local of the International Association of Bridge, Structural and Ornamental Iron Workers — the plant employees to Local 464, the construction workers to Local 33 —- and each group operated under a separate and distinct collective bargaining agreement.
On June 16,1958, Local 33 called a strike of construction workers, including all of the employer’s construction workers, and picket lines were drawn around the employer’s projects. There was no strike or picket line at the fabrication plant. Because of the employer’s inability to deliver finished steel across the picket lines at the construction sites, there was a backing up of steel at the fabrication plant. A production cutback became necessary, and on July 25, approximately five weeks after the strike had begun, the employer laid off claimant and 11 other workers at the fabrication plant. The employer continued to operate the fabrication plant with approximately three fourths of the work force and to sell its fabricated steel to others.
The claimant was denied unemployment insurance benefits by the Industrial Commissioner on the ground that he had lost his employment because of an industrial controversy in the “establishment” where he worked. The Unemployment Insurance Referee reversed the Commissioner’s determination, finding that there was no strike in the claimant’s establishment. The Appeal Board affirmed the Referee’s determination, the Appellate Division unanimously affirmed the award and we granted leave so that we might have this case before us when we considered the other appeals involving the same general question (Matter of Ferrara [Catherwood], supra,. p; 1; Matter *13 of Wentworth [Catherwood], infra, p. 13; Matter of Gilmartin [Catherwood], infra, p. 16).
On the basis of our opinion in Matter of Ferrara [Catherwood], and the principles there enunciated, we conclude that the fabrication plant and the construction sites constituted separate establishments within the sense of section 592 of the Unemployment Insurance Law (Labor Law, art. 18). It necessarily follows, therefore, that the strike at the sites did not occur in the establishment in which the claimant was employed.
The order of the Appellate Division should be affirmed, without costs.
Chief Judge Desmond and Judges Dye, Burke and Foster concur with Judge Fuld; Judges Froessel and Van Voorhis dissent and vote to reverse and to reinstate the determination of the Industrial Commissioner upon the ground that a restricted interpretation of the word “ establishment ” as used in subdivision 1 of section 592 of the Labor Law was not intended by the Legislature and would operate to defeat the purpose of the statute.
Order affirmed.